UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:04 CV 590

| | | |
|---|---|---|
| RETIREMENT PLAN COMMITTEE OF THE RUDDICK SAVINGS PLAN, THE RUDDICK SAVINGS PLAN, THE ESOP ADMINISTRATIVE COMMITTEE OF THE RUDDICK EMPLOYEE STOCK OWNERSHIP PLAN, AND THE RUDDICK EMPLOYEE STOCK OWNERSHIP PLAN, | ) ) ) ) ) ) ) ) ) | |
| PLAINTIFFS, | ) ) ) | ORDER APPROVING SETTLEMENT AND DISMISSAL |
| vs. | ) ) ) | |
| ASHLEY DAWN KIGER, BRITTANY YVETTE KIGER, a minor, by and through her Guardian Ad Litem WILLIAM A. BLANCATO, and TERRY RANDY KIGER, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

THIS CAUSE COMING ON TO BE HEARD and being heard by the undersigned Judge of the United States District Court for the Western District of North Carolina, Charlotte Division, and it appearing to the Court that Defendant Brittany Yvette Kiger, a resident of Stokes County, North Carolina, is a minor being born on July 16, 1989, and that she is represented by her duly appointed and acting Guardian Ad Litem, William A. Blancato, that Defendant Ashley Dawn Kiger is a resident of Stokes County, North Carolina, that Defendant Terry Randy Kiger is a resident of Stokes County, being represented by his attorney Roger W. Marion, Jr., and that the Court has jurisdiction of the persons and of the subject matter of this action.

And it further appearing to the Court that the Plaintiffs are the fiduciary for Rickey Todd Kiger who was an employee of Harris Teeter and invested in Ruddick 401(k) Plan, maintained and operated by the Retirement Plan Committee of the Ruddick Savings Plan, and a Ruddick Employee Stock Ownership Plan, maintained and operated by the ESOP Administrative Committee of the Ruddick Employee Stock Ownership Plan. That Rickey Todd Kiger died on February 24, 2004. That the Plaintiffs seek a determination to whom it should distribute the proceeds of the retirement benefit plans. That the Defendants dispute the effectiveness of two sets of beneficiary designations, one set dated January 21, 2004 of which designated Ashley Dawn Kiger and Brittany Yvette Kiger, a minor, as the primary beneficiaries of both retirement benefit plans, or another set dated February

17, 2004 of which designated Terry Randy Kiger as the primary beneficiary of both retirement benefit plans.

And it further appearing to the Court that the Defendants Ashley Dawn Kiger and Brittany Yvette Kiger, by and through her Guardian Ad Litem, William A. Blancato (all of the foregoing hereinafter referred to as "the daughter Claimants") have asserted claims for benefits owing from the Plaintiffs under two retirement benefit programs, a Ruddick 401(k) Plan, maintained and operated by the Retirement Plan Committee of the Ruddick Savings Plan, and a Ruddick Employee Stock Ownership Plan, maintained and operated by the ESOP Administrative Committee of the Ruddick Employee Stock Ownership Plan (all four parties hereinafter collectively referred to as "the Plaintiffs"). That the Defendant Terry Randy Kiger (hereinafter referred to as "the brother Claimant") has also asserted claims for the benefits owing from the Plaintiffs. That the daughter Claimants and the brother Claimant were unable to reach an agreement for disbursement of the retirement funds. That Plaintiffs, disinterested stakeholders in this controversy, commenced this action in interpleader seeking (1) an order restraining and enjoining the Defendants, individually or jointly, from instituting or prosecuting any other action, claim, or proceeding in state or federal court against any Plaintiff with respect to the subject matter of this action; (2) compel the Defendants to interplead so that this Court may determine with finality the legal beneficiary or beneficiaries under the Plans; (3) order the Administrators to pay into the Court a sum equal to all benefits owing under the Plans as of the date of the Court's order; (4) upon receipt of the payment of funds, dismiss Plaintiffs from this action and fully and finally discharge the Administrators and the Plans from any other or further liability to any Defendant herein; (5) award attorneys' fees to the Plaintiffs pursuant to 29 U.S.C. § 1332(g); and (6) grant Plaintiffs such other and further relief as the Court deems just and proper. That the Defendant Terry Randy Kiger, by and through counsel, filed an Answer asserting a claim for the proceeds of the retirement benefit plans.

And it further appearing to the Court that the parties herein have agreed to compromise and settle all matters and things at issue between them, and that by reason of the Defendant Brittany Yvette Kiger being a minor, the parties requested the Court to examine into the settlement and to approve the same upon a finding that the Settlement Agreement and Release proposed is reasonable and just.

And it further appearing to the Court and the Court finding as a fact that the said Guardian Ad Litem has made an investigation into the facts and circumstances of the case and that the Guardian Ad Litem understands that the said settlement is complete and final and has approved and does approve of said settlement on behalf of Brittany Yvette Kiger, a minor.

And it further appearing to the Court, after having reviewed the Settlement Agreement and Release attached hereto and incorporated by reference, that the matters at issue or in controversy between the parties have been duly settled and compromised by the aforesaid Settlement Agreement and Release under terms of which:

A.     The parties have agreed to receive payment from the Clerk Registry Fund in the amount of:

1.    $500.00 payable in lump sum payment to William A. Blancato from the $4,690.39 allotment for Brittany Yvette Kiger, a minor, for good and valuable services rendered to Brittany Yvette Kiger, a minor, in negotiating this interpleader action.

2.    $4,190.39 being the remaining sums from the $4,690.39 allotment for Brittany Yvette Kiger, a minor, payable in lump sum payment to the Clerk of Superior Court of Stokes County, North Carolina for the sole use and benefit of Brittany Yvette Kiger, a minor.

3.    $4,690.39 payable in lump sum payment to Ashley Dawn Kiger.

4.    $9,380.77 payable in lump sum payment to Bailey & Thomas, P.A. and Terry Randy Kiger.

B.    That the parties mutually dismiss any and all claims asserted or which might have been asserted against each other by reason of the dispute arising out of the designation of beneficiary of the two retirement benefit programs maintained and administered by Plaintiffs.

The Court, in chambers, and by consent of all parties, having investigated and heard evidence with reference to the nature, character and extent of dispute at issue, and having investigated and reviewed all of the items of the Settlement Agreement and Release under the terms of which all matters in controversy have been settled between the parties, finds as a fact that the settlement embodied in the Settlement Agreement and Release is fair, reasonable and just and in the best interest of Brittany Yvette Kiger, a minor, and of all the parties.

And it further appearing to the Court and the Court finding as a fact that the details of the claims arising out of the retirement benefit programs have been fully explained to the Guardian Ad Litem of Brittany Yvette Kiger, a minor, and they understand that the settlement which has been agreed upon does, in fact, adjudicate all past, present and future claims and results therefrom which have arisen or which might hereafter arise as a result of the matters set for the in the complaint, and that the Guardian Ad Litem of Brittany Yvette Kiger, a minor, has agreed and do agree to this Judgment.

After having considered all of the pleadings in this cause, the statements of the Guardian Ad Litem for Brittany Yvette Kiger, a minor, and other related matters the Court is of the opinion and finds as a fact that the settlement embodied in the Settlement Agreement and Release, taking into consideration all of the factors related thereto, is fair, reasonable and in the best interest of Brittany Yvette Kiger, a minor, and the Court approves and herein incorporates the settlement as embodied in the attached Settlement Agreement and Release.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, with the consent of all parties:

1.      That the Settlement Agreement and Release freely and voluntarily entered into by all of the parties be and the same hereby is approved.  That William A. Blancato, duly appointed and acting Guardian Ad Litem for Brittany Yvette Kiger, a minor, is fully authorized as the duly appointed and acting Guardian Ad Litem to execute the Settlement Agreement and Release on behalf of Defendant Brittany Yvette Kiger, a minor, as well as any other documents that become necessary to effectuate the settlement between the parties;

2.      That a Guardian Ad Litem fee to William A. Blancato in the amount of $500.00 for his work in the interpleader case is hereby approved.  Said Guardian Ad Litem fee shall be paid pursuant to the directions given to the Court below;

3.      The Court shall disperse an amount of $4,190.39 from the $4,690.39 allotment of accumulated benefits from the retirement benefit plans for Brittany Yvette Kiger, a minor, to William A. Blancato, which shall be mailed to William A. Blancato, Attorney at Law, Suite 150, 633 West Fourth Street, Winston-Salem, North Carolina, 27101.  The Court shall disperse the remaining allotment of funds of accumulated benefits from the retirement benefit plans for Brittany Yvette Kiger, a minor, to the Clerk of Superior Court of Stokes County, North Carolina to be held in the Minor Estate of Brittany Yvette Kiger for her sole use and benefit;

4.      That all payments made and to be made according to the terms and conditions of the Settlement Agreement and Release do supplant and supersede any and all possible liability of the daughter Claimants to the brother Claimant, the brother Claimant to the daughter Claimants, for the funds which are the subject of this Interpleader action, and **the lawsuit, including all claims asserted in the Complaint for Interpleader, the Defendant Terry Randy Kiger's Answer to Complaint In Interpleader and Claim to Funds is dismissed with prejudice.**

5.      It is agreed that each party shall be responsible for bearing their own costs.

Signed: February 8, 2006

Graham C. Mullen
United States District Judge

WE HEREBY AGREE AND CONSENT TO EACH AND EVERY ITEM CONTAINED IN THIS JUDGEMENT:


/s/Ashley Dawn Kiger     /s/ Roger W. Marion, Jr.
Ashley Dawn Kiger      Roger W. Marion, Jr., attorney
             for Defendant Terry Randy
             Kiger


/s/ William A. Blancato
William A. Blancato, Guardian
Ad Litem for Brittany Yvette
Kiger, a minor.